Vermont Superior Court
Filed 06/06/24
Lamoille Unit

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 21-CV-00212

Estate of Joycelyn Adams v. Ray H. Barry, III et al

## FINDINGS, CONCLUSIONS, AND JUDGMENT
### Acceptance of Commissioners' Report

This is a partition action concerning 72-acres of real estate in the Town of Belvidere, Vermont. The Property has several improvements including a farmhouse and outbuildings. The parties to this matter represent various heirs and beneficiaries who claim fractional interests in the property resulting from a series of gifts and bequests dating back to June 1986 when the Estate of Maurice Eldred, Sr. divided its interest in the Property into 1/8 ownership shares divided among Eldred's eight heirs. Since 1986, these interests have been further divided into between various decedents of the Eldred family.

The present partition action was begun in February of 2021. The Court appointed three Commissioners in May of 2022. These Commissioners, Graham Govoni, Esq.; Roy Marble; and Taylor White, consistent with their Order of Appointment, have conducted hearings in accordance with 12 V.S.A. §§ 5172 and 5174 to determine the equitable ownership interests of the parties, the issue of assignment, and how, in lieu of assignment, to sell the property in the manner likely to render the highest rate of return to the parties.

Based on their work, the Commissioners have submitted the following report, which the Court adopts, with two points of modification discussed below and raised during the hearing on this matter conducted on June 4, 2024.

### Initial Findings of Fact

The Commissioners in this action submitted the following Initial Findings of Fact on May 23, 2024, which were adopted by the Court on June 4, 2024, consistent with 12 V.S.A. § 5172, and following a hearing where these findings were presented to the parties and where there was a full and fair opportunity for the various parties and stakeholders to lodge questions and objections. These findings are based upon evidence presented at the Commissioners' Findings of Fact Hearing

(hereinafter referred to as the "Hearing") held on August 23, 2023, the Commissioners' review of key documents and deed from the Town of Belvidere Land Records, and the Commissioners' site visit at the property located at located at 2246 VT 109 in the Town of Belvidere, County of Lamoille and State of Vermont.

1. The property subject to this litigation is located at 2246 VT 109 in the Town of Belvidere, County of Lamoille and State of Vermont (hereinafter referred to as the "Property'"). (Reference Town of Belvidere Grand List)

2. The Property consists of approximately 72 acres, more or less, with an uninhabitable dwelling located thereon. (See "Sketch Plan" attached as Exhibit A to Initial Report of Commissioners; Reference to survey entitled "Plat Prepared for Jean Pierre Labranche, prepared by Rumery Land Surveys, bearing the seal and signature of George W. Rumery, Licensed Land Surveyor, Map No. 9620, recorded in the Town of Belvidere Land Records; Site Visit)

3. The "Property Interest Outline" dated April 28, 2023 submitted and filed with the Court on April 28, 2023 by Peter G. Anderson, Esq., Attorney for Defendants Brown (and approved by Plaintiff) sets forth the allocated interests of the heirs in the "Property".

4. Defendants Brown made property tax payments on behalf of Greeta Talomo in the amount of $185.53, on behalf of Ray Barry, Jr and Merry Miller in the amount of $723.87 and on behalf of Tony Langmaid in the amount of $2,895.40. (Evidence presented at Hearing)

5. Plaintiff Joycelyn Adams made property tax payments on behalf of Greeta Talomo in the amount of $632.01 and on behalf of Ray Barry, Jr., in the amount of $219.67. (Evidence presented at Hearing)

6. Certain heirs alleged that there is evidence that the Estate of Adams has been paid for the amounts extended by the Estate, however, the Commissioners did not find there is sufficient evidence to substantiate this claim and therefore the Commissioners reject the claim. (Evidence presented at Hearing)

7. The majority of the parties attending the Commissioners' Findings of Fact Hearing (hereinafter referred to as the "Hearing") approved that the Property be listed for sale. (Evidence presented at Hearing and Letters submitted to Court)

8. The Town of Belvidere's current assessment of the Property per the Town of Belvidere Grand List is $143,800.00, however, the Commissioners determine the current fair market value to be $160,000.00.

## Findings and Conclusions

BASED upon the Commissioners' review, fact-finding, and the evidence presented, the Commissioners find and the Court adopts the following:

A. **Value of the Property**:  The current fair market value of the Property, as established by the Commissioners, is $160,000.00.  This value is based upon the site visit of the Property by the Commissioners, Commissioners' research in the Town of Belvidere Land Records and expertise of the Commissioners Marble and White as real estate professionals.

   Notwithstanding this valuation, the actual price for the listing with a State of Vermont Licensed Broker should be at a price to be determined by said Broker, however, in no event shall the listing price be less than the $160,000 valuation determined by the Commissioners herein.

B. **Listing of the Property**:  The Property shall be listed in "AS IS" and sold as a single, undivided parcel.  The listing shall be reviewed and approved by the Commissioners. The Commissioners shall be authorized to enter into a listing agreement with a Vermont Licensed Real Estate Broker.  In the event the Property is listed and no acceptable offer has been tendered to the Commissioners within one hundred and eighty (180) days from the listing date, the Property shall be sold at auction.  The auctioneer is set forth in Paragraph C III below. The listing real estate broker shall be:

   Denise Trombley, Designated Broker
   Berkshire Hathaway Home Services VT Realty Group
   5 Park Street, P.O. Box 1585
   Morrisville, VT  05661
   802-793-6584  Direct Line
   802-888-0021 ext. 2  Office
   802-888-0200  Fax
   trombleydenise@gmail.com

   Denise Trombley (hereinafter referred to as the "Broker") has more than twenty-five (25) years experience selling real estate in Lamoille County. The Property shall be listed with the Broker once the Court has issued final judgment in this matter and the appeal period has passed and if

none of the terms and conditions set forth in Paragraph C I and Paragraph C III below have occurred.

C. **Administration of the Sale of the Property**: Heirs who wish to purchase the Property shall have an opportunity to purchase memorialized as a First Right of First Refusal (hereinafter referred to as FROFR) as set forth in this Paragraph C I or Second Right of First Refusal (hereinafter referred to as SROFR). A certified copy of this Order (hereinafter referred to as the "Order") , which has incorporated the Commissioners' Amended Findings, shall be recorded in the Town of Belvidere Land Records in order to provide notice of the ROFR and SROFR.

I. **First Right of First Refusal**: The heirs shall have twenty (20) business days from the date the appeal period has passed to exercise their FROFR to purchase the Property for $160,000.00. Any heir(s) exercising their FROFR shall provide written notice to Commissioners in the form of a real estate purchase and sale contract offer setting forth the terms of the purchase. The Commissioners shall then review the offer and determine that it is acceptable and in the best interests of the heirs. In the event more than one heir exercises the FROFR, the Commissioners can meet with the heirs to determine if the heirs are willing to purchase the Property jointly. If the heirs cannot agree to the purchase the Property jointly, then each heir will have up to 3 business days to submit higher offers with the final highest offer becoming the winning bid. Commissioners shall have the authority and discretion to determine when a party's offer is final and shall act with the purpose of obtaining a wining offer that is the highest and best offer between the heirs' competing offers. In the event no heirs exercise their FROFR pursuant to this Paragraph C I, then the Property will be listed for sale pursuant to Paragraph C II.

II. **Second Right of First Refusal**: In the event that the property is not sold to an heir or heir under their FROFR pursuant to Paragraph C I, the Property shall be listed with the Broker. The heirs shall have a SROFR. The SROFR shall only become effective in the event the Broker receives a bona fide offer to purchase that is less than $160,000.00, the offer of purchase is satisfactory to the Commissioners, and acceptable to the Commissioners, the Commissioners shall give the heirs the pre-emptory privilege of purchasing the Property. In said event, Commissioners shall give notice to the attorneys

representing the heirs by certified mail at the respective attorneys' addresses and to the non-represented heirs at their respective mailing addresses extending to heirs the privilege of purchasing the Property at the price and on the terms of the offer accepted.

The heir(s) shall notify Commissioners in writing with twenty business (20) days from the date of the notice sent by Commissioners, whether or not the heir(s) intends to exercise this second right of first refusal. If an heir intends to exercise the SROFR, the heir shall provide to the Commissioners, along with their notice of intent, a signed deposit receipt and purchase and sale contract containing the same terms as the bona fide offer. The first heir to provide the Commissioners with a signed deposit receipt and sale contract containing the same terms as the bona fide offer shall be the offer accepted by the Commissioners (hereinafter referred to as "first accepted offer") and all other offers from heirs received by Commissioners after the first accepted offer will not be entertained nor accepted by the Commissioners.

III.  **Auction**: In the event, pursuant to Paragraph C I above, more than one heir exercises the FROFR and those heirs are unwilling to purchase the Property jointly with the other heir(s) exercising their FROFR or the Property is not sold with one hundred (120) days of listing, then the Commissioners shall auction the Property. This mechanism of sale provides the heirs an additional opportunity to purchase the Property and gets the Property sold without further dispute. The reserve shall be $160,000.00 and the Commissioners retain the right to accept a lower bid at auction in the event the reserve is not met. The auctioneer shall be:

Thomas J. Hirchak, III, CAI, AARE, GPPA
Thomas Hirchak Company
1878 Cadys Falls Road
Morrisville, VT 05661
802-888-4662 p
802-242-2400 d
802-888-2211 f
THCAuction.com

IV.  **Attorney for sale**: Once an offer has been accepted by the Commissioners, the attorney handling the drafting of conveyancing and other sale documents and handling the sale shall be:

Kyle R. Bates, Esq.

21-CV-00212 Estate of Joycelyn Adams v. Ray H. Barry, III et al

Nichols & Bates, P.C.
PO Box 1424
1878 Mountain Road
Stowe, VT 05672
Tel:(802) 253-8880
Fax:(802) 419-5356
kyle@nicholslawvt.com

V.     **Release of Rights of First Refusal**: In the event no heirs exercise their Right of First Refusal as set forth herein, the Commissioner shall draft and execute an Affidavit indicating the no heirs exercised their Rights of First Refusal which Affidavit shall be prima facia evidence that the Rights of First Refusal have been extinguished.

VI.     **Notice**:  Notice to Commissioners shall be provided to Commissioners,

c/o Commissioner Graham Hayes Govoni,
PO Box 353, 60 Brigham Street,
Morrisville VT 05661.

The non-represented heirs shall provide their current mailing addresses to the Commissioners within ten (10) days after the date the appeal period has passed or their right to notification pursuant to the SROFR shall be void.

D.  **Disposition of Proceeds**: The sale proceeds sale be disbursed as follows:

I.     Costs of sale (Broker commission, if any; current year property tax prorations, recording fees, attorney fees, etc.);

II.     Tax payments made by heirs as set forth in the hearing and noted above plus any additional tax payments or funds advanced from the date of the finding of fact hearing and the date of closing (additional payments) shall be reimbursed at closing and deducted from the net shares of the family members against whom these claims for contributions have been made and credited to the family member making said payments.  Any additional payments made shall be presented to the Commissioners with thirty (30) days prior to closing with evidence of payment such as a cancelled check and for whom and what the payment was made.  Any payments made for real property taxes shall be entitled to one (1%) interest per month which is the interest municipalities assess on delinquent tax payments and shall be calculated from the date when such payment was made.  The family member claiming that interest is due shall

present the Commissioner with a detailed accounting setting forth the interest calculations within thirty (30) days prior to closing.

III.     Costs/fees of the Commissioners.

IV.     The net proceeds should be divided between the heirs as set forth in the "Property Interest Outline" subject to the tax payment adjustments set forth herein.

## **ORDER**

Based on these findings and conclusions, the Court directs the Commissioners oversee the disposition of the Property consistent with this Order.  This Order shall be recorded in accordance with 12 V.S.A. § 5173.  This Order constitutes a final judgment on the issues of ownership and disposition of the property for purposes of 12 V.S.A. § 5172 and V.R.C.P. 58.  If this decision is not appeal within 30 days of issuance, it shall become final and binding on the parties for the purposes of ownership and disposition of the Property and shall trigger the provisions of the Order concerning the First Right of First Refusal.

Electronically signed on 6/5/2024 3:26 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge